

# THE ATTORNEY GENERAL

## OF TEXAS

### AUSTIN 11, TEXAS

**WILL WILSON**
**ATTORNEY GENERAL**

July 25, 1962

Honorable C. C. Hampton
County Attorney
Comanche, Texas

Dear Mr. Hampton:

Opinion No. WW-1403

Re: Whether a nurse or a
practitioner's assistant
can dispense drugs or
medicine to his patients
under the practitioner's
direction and supervision,
and related question.

You have requested an opinion on the following questions:

"No. 1. Can a nurse or practitioner's
assistant dispense drugs or medicine to his
patients under the practitioner's direction
and supervision?

"No. 2. Can a nurse or practitioner's
assistant administer drugs or medicine to
his patients under the practitioner's direc-
tion and supervision?"

Article 4510, Revised Civil Statutes of Texas, 1925,
as amended, provides:

"Any person shall be regarded as prac-
ticing medicine within the meaning of this
law:

"(1) Who shall publicly profess to be
a physician or surgeon and shall diagnose,
treat, or offer to treat, any disease or
disorder, mental or physical, or any physical
deformity or injury, by any system or method,
or to effect cures thereof; (2) or who shall
diagnose, treat or offer to treat any disease
or disorder, mental or physical, or any physi-
cal deformity or injury by any system or method
and to effect cures thereof and charge there-
for, directly or indirectly, money or other
compensation; provided, however, that the pro-
visions of this Article shall be construed with

and in view of Article 740, Penal Code
of Texas, and Article 4504, Revised
Civil Statutes of Texas as contained in
this Act."

Section 8 of Article 4542a, Vernon's Civil Statutes,
as amended, provides as follows:

"It shall be unlawful for any person who
is not a registered pharmacist under the pro-
visions of this Act to compound, mix, manufac-
ture, combine, prepare, label, sell or distrib-
ute at retail or wholesale any drugs or medicines,
except in original packages. Provided that all
persons now registered as pharmacists in this
State shall have all the rights granted to pharma-
cists under this Act. Provided, however, that
nothing in this Act shall apply to or interfere
with any licensed practitioner of medicine, dentist-
ry or chiropody, who is duly registered as such
by his respective State Board of Examiners of this
State, who shall supply his or her patients, as a
physician, dentist or chiropodist, and by them em-
ployed as such, with such remedies as he or she
may desire and who does not keep a pharmacy, open
shop or drug store, advertised or otherwise, for
the retailing of medicines or poisons; and pro-
vided, further, that nothing contained in this
Act shall be construed to prevent the personal
administration of drugs and medicines carried by
any physician, surgeon, dentist, chiropodist or
veterinarian licensed by his respective Board of
Examiners of this State, in order to supply the
immediate needs of his patients; . . ." (Emphasis
added).

In construing the above-quoted provisions, it was held
in Attorney General's Opinion WW-829:

"By the terms of the statute, it is unlawful
for persons other than registered pharmacists to
fill drug prescriptions. Licensed practitioners
of medicine, dentistry or chiropody, not in the
retail drug business, are exempted from this
restriction when supplying their own patients.
Since such practitioners are thus exempted from
the provisions of the Pharmacy Act (Art. 4542a),
they need not comply with its licensing (Sec. 9)

or permit (Sec. 17) provisions under the
stated circumstances.

". . .

"Certain practitioners are exempted
from the pharmacy law under certain desig-
nated circumstances. However, to hold that
these exempt practitioners could in turn au-
thorize nurses or other aides to fill and
dispense prescriptions would be to place in
the hands of the practitioners the power to
create additional exemptions over and above
those created by the Legislature. No such
authority is attempted to be delegated by
the Act in question, and we think the evident
intention of the statute is to limit the prac-
tice of pharmacy to those licensed by the
State Board of Pharmacy, subject only to the
specific exemptions set out in the statute.
It is perhaps worthy of notice that the last
paragraph of Section 8 exempts certain senior
pharmacy students operating under the direct
supervision of a registered pharmacist. It
would appear that if the legislature had in-
tended that nurses or other aides acting under
the supervision of a practitioner should also
be exempted, specific mention thereof would
have been made. . . ."

Chapter 7, Title 71, Revised Civil Statutes of Texas,
1925, creates the Board of Nurse Examiners and provides for
the licensing and regulation of the practice of nursing in
this State. Section 1 of Article 4518, Revised Civil Stat-
utes of Texas, 1925, as amended, provides that it is the
duty of the Board of Nurse Examiners to prescribe a course
of study for schools of nursing and educational programs,
which course shall include both theory and clinical practice
in the care of men, women and children.

The practice of nursing is not defined by Chapter 7,
Title 71; therefore, it is our opinion that the practice of
nursing constitutes that field of endeavor commonly known as
nursing and would include "both theory and clinical practice
in the care of men, women and children" for the reason that
the Board of Nurse Examiners is required to prescribe such a
course of study for schools of nursing. Generally speaking,
the duty of the nurse is to carry out the medical treatment
prescribed by a doctor for his patient.

In view of the foregoing, it is noted that the State has provided for the licensing and regulation of the practice of medicine, the practice of pharmacy and the practice of nursing. Therefore, it is our opinion that a nurse licensed under Cahpter 7, Title 71, Revised Civil Statutes of Texas, 1925, may carry out the duties of the nursing profession by dispensing or administering drugs or medicine as directed by a licensed doctor; however, a nurse is not authorized to perform acts which constitute the practice of medicine as defined by Article 4510, without first obtaining a license to practice medicine, issued by the Texas State Board of Medical Examiners.

<u>SUMMARY</u>

A nurse licensed under the provisions of Chapter 7, Title 71, Revised Civil Statutes of Texas, 1925, may carry out the duties of the nursing profession by dispensing or administering drugs or medicine as directed by a licensed doctor; however, a nurse is not authorized to perform acts which constitute practicing medicine as defined by Article 4510, V.C.S., without first obtaining a license.

Yours very truly,

WILL WILSON
Attorney General of Texas

By John Reeves
John Reeves
Assistant

JR:ms

APPROVED:

OPINION COMMITTEE
W. V. Geppert, Chairman

Marvin Thomas
W. O. Shultz

REVIEWED FOR THE ATTORNEY GENERAL
By: Leonard Passmore